IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-221-D

UNITED STATES OF AMERICA          )
                                  )
                                  )
                                  )
        v.                        )          **ORDER**
                                  )
DEVONJEE K. BRANCHE,              )
                                  )
        Defendant.                )

On April 9, 2020, Devonjee K. Branche ("Branche") moved pro se for compassionate

release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194,

5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) and to appoint counsel [D.E. 191]. On

April 14, 2020, the court directed the Federal Public Defender to determine whether Branche would

qualify to seek a reduction of sentence [D.E. 192]. On April 14, 2020, Branch filed a second pro se

motion for compassionate release [D.E. 193]. On May 19, 2020, Branch filed a third pro se motion

for compassionate release [D.E. 194]. On June 17, 2020, Branch filed a fourth motion, through

counsel, for compassionate release [D.E. 197] and a memorandum in support [D.E. 198]. On July

1, 2020, the government responded in opposition [D.E. 203]. As explained below, the court denies

Branche's motions.

I.

On May 20, 2015, pursuant to a written plea agreement, Branche pleaded guilty to conspiring

to distribute and to possess with the intent to distribute a quantity of heroin. See [D.E. 110, 111].

On October 23, 2015, the court held a sentencing hearing and adopted the facts set forth in the

Presentence Investigation Report ("PSR"). See [D.E. 130, 131, 132]; Fed. R. Crim. P.

32(i)(3)(A)–(B). The court calculated Branche's total offense level to be 29, his criminal history category to be III, and his advisory guideline range to be 108 to 135 months' imprisonment. See [D.E. 132] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Branche to 108 months' imprisonment. See [D.E. 131]. Branche did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical

2

Case 5:14-cr-00221-D   Document 205   Filed 08/10/20   Page 2 of 6

conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)  Medical Condition of the Defendant.—

         (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

         (ii)  The defendant is—

               (I) suffering from a serious physical or medical condition,

               (II)  suffering from a serious functional or cognitive impairment, or

               (III) experiencing deteriorating physical or mental health because of the aging process,

               that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)  Family Circumstances.—

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of the

sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus,

the fact "that an extraordinary and compelling reason reasonably could have been known or

anticipated by the sentencing court does not preclude consideration for a reduction under this policy

statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the

defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy

statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not

updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not

provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's

motion, but a court independently determines whether "extraordinary and compelling reasons"

warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark,

No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so,

the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and

---

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Branche seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Branche relies on the "medical condition of the defendant" policy statement in application note 1(A) to U.S.S.G. § 1B1.13 and the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 191] 1; [D.E. 193] 1; [D.E. 194] 1; [D.E. 197] 1; [D.E. 198] 1. Specifically, Branche cites the COVID-19 pandemic and his "long history of asthma." [D.E. 198] 9–15.

As a preliminary matter, the court assumes without deciding that Branche has exhausted all administrative remedies, or alternatively that the warden received Branche's compassionate release request and 30 days have elapsed from receipt. See 18 U.S.C. § 3582(c)(1)(A).

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While Branche states that he has asthma, he does not demonstrate that he is not going to recover. Accordingly, reducing Branche's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic coupled with his asthma and mother's and grandmother's health conditions are extraordinary circumstances consistent with application note 1(D). Even so, the section 3553(a) factors counsel against reducing Branche's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Branche engaged in serious criminal conduct spanning over two years and was responsible for conspiring to distribute a large amount of heroin. See Plea Ag. [D.E. 111] ¶ 5(b); cf. PSR ¶¶ 1–21. He belonged to a street gang in Henderson, regularly sold heroin to roughly 30 addicts, and possessed a firearm throughout the conspiracy on

5

at least six occasions. See id. at ¶¶ 10, 15, 17. Although Branche had no felony convictions before

his federal conviction, Branche's misdemeanor convictions include, inter alia, communicating

threats, possession of marijuana (three counts), larceny (three counts), trespassing, trespassing or

entering and remaining, possession of stolen goods, and carrying a concealed gun. See id. at ¶¶

23–34. Branche has also performed poorly on supervision. See id. at ¶¶ 27, 32. Although Branche

has taken some positive steps while incarcerated, that fact does not warrant release. Cf. Pepper v.

United States, 562 U.S. 476, 480 (2011). Having considered the entire record, the steps that the BOP

has taken to address COVID-19, the section 3553(a) factors, Branche's arguments, and the need to

punish Branche for his criminal behavior, to incapacitate Branche, to promote respect for the law,

to deter others, and to protect society, the court declines to grant Branche's motions for

compassionate release. See, e.g., Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-

CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Branche's motions for compassionate release [D.E. 192, 193, 194,

197].

SO ORDERED. This 7 day of August 2020.

JAMES C. DEVER III
United States District Judge